# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARY LEE PETERSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-704 |
| RVPLUS INC., CHRISTOPHER MICHAEL DAY, and AMERICAN REGISTRAR & TRANSFER COMPANY, | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this 14th day of May, 2018,

On May 11, 2018, the Court issued an order that denied *pro se* Plaintiff Cary Lee Peterson's emergency request for relief. (D.I. 7) As noted in the Order, the United States Attorney's Office for the District of New Jersey has brought criminal charges against Peterson, including two counts of false certification and one count of securities fraud, that relate to the allegations in this civil matter. *See United States v. Peterson*, Crim. No. 3:16-230-AET (D.N.J.)

"A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). A court generally considers a number of factors when considering whether to stay a matter, including: (1) the degree of overlap between the civil and criminal action; (2) the stage of the criminal proceedings; (3) the prejudice to the nonmoving party that would result from a stay; (4) the burden on the moving party of permitting concurrent litigation; (5) the interests of the court; and (6) the public interest. *See, e.g., Moloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004).

1

Peterson has been indicted and this matter is set for trial to begin on Tuesday, May 15, 2018. *See United States v. Peterson*, Crim. No. 3:16-230-AET (D.N.J.) at D.I. 98. In addition, there is overlap between this civil matter and the pending criminal matter. Indeed, Peterson has referred to the filing of this civil matter as a means to continue his criminal trial. *See Peterson*, Crim. No. 3:16-230-AET at D.I. 100, 101. Under these circumstances, a stay is favored. Therefore, the Court finds it appropriate *sua sponte* to stay this civil action pending resolution of the criminal proceedings. *See Wallace v. Kato*, 549 U.S. 384, 393-394 (2007) ("[I]f a plaintiff files . . . any other claim related to rulings that will likely be made in a pending or anticipation criminal trial [], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or likelihood of the criminal case is ended."). In addition, the Court will administratively close this matter.[1]

IT IS HEREBY ORDERED that the case is STAYED and administratively CLOSED pending resolution of Peterson's criminal proceedings. If and when Peterson's criminal charges are dismissed or resolved, he may file a motion to reopen his case.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[1] "Administrative closings comprise a familiar . . . way in which courts remove cases from their active files without adjudication." *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004). "Administrative closure is a docket control device used for statistical purposes, and it is without prejudice to Plaintiff's substantive rights." *Perrin v. Iuzzolino*, 2017 WL 487123, *4 n. 7 (W.D. Pa. Jan. 11, 2017) (citation omitted).